IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-3141 |
| | ) | |
| FOUR THOUSAND TWO HUNDRED NINETY AND 00/100 ($4290.00) IN U.S. CURRENCY, ILLINOIS, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

# OPINION

RICHARD MILLS, U.S. District Judge:

Pending before the Court is the Motion of Plaintiff United States to Strike the Claim of Patrick Wallace and for Entry of Default against Defendant and all other potential claimants. The Claimant has filed a Response to the Plaintiff's Motion. Pending also is the Claimant's Motion to Reconsider the Denial of the Appointment of Counsel.

Because the Claimant has not followed the discovery rules, the Government prevails.

## I. BACKGROUND

On May 24, 2012, a verified Complaint in rem was filed by the United States

to enforce the provisions of 21 U.S.C. § 881(a)(6) for the forfeiture of $4,290.00 in United States Currency, which is money furnished or intended to be furnished in exchange for a controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, or are proceeds traceable to such an exchange.

The Complaint and Notice of Civil Forfeiture Action were served upon Patrick Wallace, by certified mail on his attorney, John Alvarez, on May 25, 2012. A Warrant in rem was served upon the Defendant Currency on June 7, 2012. Patrick Wallace filed a verified claim on June 12, 2012, and an Answer to the Complaint on June 26, 2012.

Pursuant to an Order of the Court, a Notice of Forfeiture Action was published on the internet website, [www.forfeiture.gov,](www.forfeiture.gov) which is maintained by the U.S. Department of Justice. The last date of publication was on June 28, 2012.

More than 30 days have passed since service of process on potential claimants and since the last date of publication. No one other than Patrick Wallace has filed a claim to the Defendant and the time within which to do so has expired.

The United States alleges that on July 10, 2013, it sent Special Interrogatories to Wallace pursuant to Supplemental Rule G of the Rules for Admiralty or Maritime and Asset Forfeiture Claims. Wallace provided Answers to Special Interrogatories on

or about July 31, 2013. By letter dated August 5, 2013, Counsel for the Government sent a letter to Wallace informing him that his Answers to Special Interrogatories were deficient. On August 19, 2013, Counsel received Wallace's "Response to Deficient Interrogatories."

The United States claims Wallace's August 19th response was also deficient because it did not adequately respond to requests for financial and other information regarding income Wallace claimed he received from an inheritance and selling videotapes. In response to those Special Interrogatories, Wallace responded that the "information was in the trunk of my car, which is in possession of law enforcement." Attached to the Government's Motion as Exhibit 1 is a complete inventory of everything seized from Wallace's car. According to the inventory, no financial information or documents which are consistent with Wallace's response were found inside the vehicle seized by law enforcement.

The Claimant contends that the inventory document is fraudulent. He states that it does not include any dates or signatures and does not say who discovered what items. The Claimant asserts that although his car was taken on December 15, 2011, this document was not made part of the record until January 16, 2014.

On August 22, 2013, the Court entered a Rule 26 scheduling order. On October 21, 2013, the Government propounded Interrogatories and a Request for Production

of Documents on Claimant pursuant to Federal Rule of Civil procedure 33. Responses to the discovery requests were due no later than November 23, 2013. By letters dated December 4, 2013 and December 9, 2013, Counsel for the United States inquired as to the status of those outstanding discovery responses. Wallace did not comply with the discovery requests or respond to the Government's letters.

On October 21, 2013, the Government filed a Motion to Compel Claimant to Comply with Federal Rule of Civil Procedure 8(b), which was granted on December 4, 2013. The Claimant was Ordered to amend his Answer no later than January 2, 2014. The Claimant did not file an Amended Answer by January 2, 2014. Accordingly, the Claimant did not comply with the Court's Order of December 4, 2013.

On February 12, 2014, the Claimant filed a Response to the Government's Motion to Strike and Application for Entry of Default. The Pro Se Claimant states that he has complied with discovery requests to the extent that he is able as a prison inmate. He further asserts that the United States has not been forthcoming with the Court.

## II. DISCUSSION

### (A)

The United States Code addresses the manner in which property subject to

forfeiture may be seized by the Attorney General. *See* 21 U.S.C. § 881(b). Pursuant to 18 U.S.C. § 983(a)(4)(A) and Rule G(5)(a) of the Supplemental Rules for Certain Admiralty or Maritime Claims, a person who asserts an interest in or right against the property that is the subject of the action must file a verified statement identifying the interest or right within 30 days after (1) the date of service of the Government's complaint or (2) completed publication of notice under Rule C(4). An answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than 21 days after filing a claim as required by 18 U.S.C. § 983(a)(4)(B) and Rule G(5)(b).

The purpose of the answer in forfeiture actions "is to set forth in detail the claims and defenses which the claimant believes support the assertion of his claim to the property." *United States v. $4,629.00 in U.S. Currency*, 359 F. Supp.2d 504, 507 (W.D. Va. 2005). Moreover, an answer requires a claimant to state his defenses and to admit or deny the allegations contained in the complaint. *See* Fed. R. Civ. P. 8(b)(1). Courts have insisted on strict compliance with standing requirements in forfeiture actions. *See United States v. Commodity Account No. 549 54930 at Saul Stone & Co.*, 219 F.3d 595, 597-98 (7th Cir. 2000); *see also United States v. 2010 Dodge Challenger*, 2013 WL 3778149, at *3-4 (C.D. Ill. July 19, 2013) ("A complaint must comply with [the] procedural rules to establish statutory standing.").

Accordingly, a claimant must meet the procedural requirements of 18 U.S.C. § 983(a)(4)(A)-(B), Rule G(5)(b) and Supplemental Rule C (6)(a)(i)(A) in order to have standing to defend the forfeiture.

If a claimant fails to meet the statutory requirements, courts may strike the claim and/or answer on this basis because the claimant lacks standing to defend the forfeiture action.[1]  *See* Supplemental Rule G(8)(C)(i)(A), *see also 2010 Dodge Challenger*, 2013 WL 3778149, at *6 (striking claim); *United States v. $12,126.00 in U.S. Currency*, 337 F. App'x 818, 819 (11th Cir. 2009) (noting that the district court may "insist on strict compliance with Supplemental Rules"); *United States v. All Funds on Deposit with R.J. O'Brien & Associates*, 2012 WL 1032904, at *4 (N.D. Ill. Mar. 27, 2012) ("A claimant must comply with [the] procedural rules to establish statutory standing.").

In cases similar to this one, courts have employed the same standard in striking a claim.  *See 2010 Dodge Challenger*, 2013 WL 3778149, at *6 (granting the government's motion for failure to timely file an amended answer); *United States v. Thirty-Four Thousand One Hundred Fifty and 00/100 in U.S. Currency*, 2009 WL

---

[1] The Seventh Circuit has observed that because the striking of a claim is a decision on the merits, "[t]he rule's use of the term "standing" is unfortunate." *United States v. Funds in the Amount of $574,840*, 719 F.3d 648, 653 (7th Cir. 2013).  "It is not a determination that the claimant has failed to show that the court has jurisdiction and so he should seek relief by an alternative path; it is a determination that he has no interest in the property." *Id.*

29449, (C.D. Ill. Jan. 5, 2009) (determining not to allow claimant's untimely answer and concluding that the failure to timely answer deprived claimant of standing).

(B)

Rule G(6) provides, "The government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." The purpose of Rule G(6) is to allow the government to "gather information that bears on the claimant's standing." Adv. Comm. Note to Supp. R G(6). Under Rule G(5), a claimant must set forth his interest in the property and the failure to do so defeats standing to contest the forfeiture. Additionally, standing is defeated if a claimant does not establish a sufficient connection to the property. *See* Section 10-4 *Asset Forfeiture Law in the United States*, discussing the procedure for challenging standing. If a claimant fails to provide answers to Special Interrogatories, Rule G(8)(c) authorizes the government to file a motion to strike claim or answer for failure to comply with Rule G(6) or because the claimant lacks standing. *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, _ F. Supp.2d _, 2013 WL 4046558, at *9 n.9 (D. D.C. Aug. 12, 2013); *United States v. $55,564 in U.S. Currency*, 2010 WL 5475815, at *1 (D. N.J. Dec. 31, 2010).

Rule 37 of the Federal Rules of Civil Procedure authorizes district courts to

order sanctions against a party for failure to cooperate in discovery. Sanctions may be imposed for the failure to: (1) obey a court's Rule 26(f) scheduling and discovery orders; and (2) serve answers, objections, or written responses to interrogatories and document requests. *See* Fed. R. Civ. P. 37(b)(2)(A)(iii), and (d)(1)(A)(ii). The failure to obey the Rule 26(f) scheduling and discovery orders of the court can result in dismissal. *See* Fed. R. Civ. P. 37(b)(2)(A)(v). Although it can be a harsh sanction, the failure to comply with discovery orders can result in a dismissal or default judgment. *See Newman v. Metropolitan Pier & Exposition Authority*, 962 F.2d 589, 591 (7th Cir. 1992).

A court must find that a party demonstrated "willfulness, bad faith or fault" in order to dismiss a case as a sanction for discovery abuse. *See Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009); *see also Newman v. Metropolitan Pier & Exposition Authority*, 962 F.2d 589, 591 (7th Cir. 1992) (dismissal appropriate based on plaintiff's failure to appear for deposition and comply with discovery deadlines).

This Court has imposed a sanction of dismissal for the continued failure to adequately provide complete responses to discovery requests. *See United States v. Nineteen Thousand and 00/100 Dollars ($19,000.00) in U.S. Currency*, 2012 WL 4519373, at *5 (C.D. Ill. Oct. 2, 2012) (citing *Watkins v. Nielsen*, 405 F. App'x 42, 45 (7th Cir. 2010) (dismissing plaintiff's case for providing incomplete and evasive

responses to interrogatories)).

(C)

The Court concludes that Claimant Patrick Wallace's claim should be stricken and that dismissal is an appropriate sanction in this case. The Claimant has consistently failed to comply with the discovery rules. Because the Claimant did not file an Amended Answer, as he was ordered to do no later than January 2, 2014, the Claimant has not met the statutory requirements to establish standing. Because he failed to adequately respond to the Government's Special Interrogatories under Rule G, the Claimant lacks standing. Additionally, because the Claimant disregarded the Court's Orders and failed to respond to the Government's Interrogatories and Request for Production of Documents which were propounded on October 21, 2013, the Court finds that dismissal under Rule 37 is appropriate in this case.

The documents requested by the United States were relevant to Wallace's claim that the Defendant currency was obtained through lawful means. The Claimant stated that the source of the funds was from the sale of sex tapes, inheritance checks and from caring for a relative. The United States requested documentation regarding any business that Wallace owned or operated in recent years, including any business related to the sale of sex tapes. The United States also requested any statements from financial institutions that could support his claim. Finally, the Government requested

records such as deposit slips, or documents received from a check cashing service, which might establish that the Defendant currency was obtained through legitimate means.

The Claimant has failed to submit any items which could support his claim that the funds were obtained lawfully. Instead, he alleges that law enforcement officers took the property without returning it to his family and also falsified the report regarding the inventory of the car. The Claimant provides no support for this assertion.

Because the Claimant has failed to properly comply with the Government's discovery requests and Orders of the Court dated August 22, 2013 and December 4, 2013, the Court will strike the Claim of Patrick Wallace and enter a default against all potential claimants. The Court finds that dismissal is the appropriate sanction.

Ergo, the Plaintiff's Renewed Motion to Strike and Application for Entry of Default [d/e 22] is ALLOWED.

The Claim of Patrick Wallace is STRICKEN. A Default is entered as to Claimant Wallace and any potential Claimants.

Plaintiff United States of America is hereby Granted leave to file a Motion for a Default Judgment.

The Claimant's Motion for Reconsideration of the Order denying the

Appointment of Counsel [d/e 23] is DENIED.

ENTER: March 4, 2014

       FOR THE COURT:

                                    *s/Richard Mills*
                                    Richard Mills
                                    United States District Judge